UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT DEREK LURCH, JR.,

                  Plaintiff,

           -against-

POLICE OFFICER DARIEL BERNAL
(NEWARK P.D.); DOCTOR (THAT
ORDERED THE SEDATIVES); OFFICER
JOHN DOE #1 (PARTNER OF A.O.),

                  Defendants.

21-CV-1558 (CM)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently detained in the Anna M. Kross Center on Rikers Island, brings this action *pro se*. Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while a prisoner. *See Lurch v. Bernal*, ECF 1:20-CV-9329, 4 (S.D.N.Y. Dec. 21, 2020). That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that Plaintiff is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges that on September 26, 2020, he was falsely arrested in Newark, New Jersey,[2] and that during the

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Because Newark, New Jersey is not located in this district, *see* 28 U.S.C. § 112(b), even if Plaintiff was not barred under 28 U.S.C. § 1915(g), jurisdiction for his claims would not be

course of that arrest, Defendant Bernal used excessive force against him. Plaintiff alleges further that he was taken to University Hospital and at the hospital, he was forcibly medicated. Plaintiff is therefore barred from filing this action IFP.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[3] Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[4] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 23, 2021
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

proper in this Court.

[3] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[4] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).